**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JUAN ALVAREZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00524-O-BP** |
| | § | |
| **LOAN DEPOT,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 29, 2026, *pro se* plaintiff Juan Alvarez filed a complaint against Loan Depot. *See* ECF No. 1. Alvarez sues for violations of the Truth in Lending Act ("TILA"), intentional interference with a contractual relationship, breach of contract, and declaratory judgment. *Id.* at 10-15. His suit relates to real property located at 416 Condie Russell Ave., Venus, Texas, which is located  in Johnson County. *Id.* at 2. After reviewing the pleadings and applicable legal authorities, the undersigned recommends that Chief United States District Judge Reed O'Connor **TRANSFER** the case to the Dallas division of this Court.

The general venue statute, 28 U.S.C. § 1391(b), applies to clams under 42 U.S.C. § 1983. *E.g.*, *Read v. Naylor*, No. 5:18-cv-035-M-BQ, 2018 WL 11174781, at \*1 (N.D. Tex. Feb. 27, 2018) (citing *Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989)). Under that statute, venue in a civil action such as this one is proper in:

> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Court may transfer any civil action to a more convenient forum where it could have been filed originally "[f]or the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

Here, Alvarez names Loan Depot as Defendant but does not plead that Loan Depot resides in this district. *See* ECF No. 1 at 2. "The 'residence' of a corporation for venue purposes is limited to the state of its incorporation." *Pure Oil Co. v. Suarez*, 346 F.2d 890, 892 (5th Cir. 1965), *aff'd*, 384 U.S. 202 (1966). Alvarez pleads that Loan Depot is a Delaware subsidiary corporation with its headquarters in California. *Id.* Therefore, Alvarez makes no showing that Loan Depot "resides" in the Fort Worth division of this Court for purposes of venue.

Alvarez also does not plead that any part of the events or omissions giving rise to his claim occurred, or a substantial part of property that is the subject of the action is situated in this division. 28 U.S.C. § 1391(b). Again, his property is in Johnson County, Texas, which is within the Dallas division of the Northern District of Texas. 28 U.S.C. § 124(a)(1).

Alvarez pleads no facts in the pending complaint to show that venue is properly placed in the Fort Worth division of the Court under the general venue statute, 28 U.S.C. § 1391(b), or otherwise. The Court can find no connection between this case and any county within the Fort

Worth division of the Court. Further, Alvarez alleges no facts to show that the properly named Defendant whom he identifies is located in or resides in the Fort Worth division of the Court.

It appears that the Defendant does not reside in this division, and the property at issue is within the Dallas division. *See* 28 U.S.C. § 124(a)(1). Accordingly, for the convenience of the parties and the witnesses and in the interest of justice, the undersigned recommends that Chief Judge O'Connor **TRANSFER** this action to the Dallas division of this Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on May 1, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3